# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2010

No. 09-40819
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE OMAR ZAVALA-ROSALES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-28-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to being unlawfully present in the United States after deportation, Jorge Omar Zavala-Rosales was sentenced to 46 months of imprisonment, which was at the bottom of the applicable guidelines range. On appeal, he argues that the district court committed procedural error by failing to address his arguments for a lesser sentence and that the sentence imposed was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40819

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The requirement that the district court explain its sentence may be satisfied if the district court listens to arguments and then indicates that a sentence within the guidelines range is appropriate. *Id*. at 357-59. Here, the district court heard counsel's argument for a lesser sentence, specifically rejected those arguments, and stated that a sentence within the applicable guidelines range satisfied the factors of 18 U.S.C. § 3553(a). *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Zavala-Rosales suggests that his sentence is substantively unreasonable because, in calculating his sentencing range, a single prior robbery conviction resulted in both a 16-level enhancement and all five of his criminal history points. However, the Guidelines provide for consideration of a prior conviction for both criminal history and the U.S.S.G. § 2L1.2 enhancement. *See* § 2L1.2, comment. (n.6). We have rejected the argument that such "double-counting" renders a sentence unreasonable. *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. We conclude there is "no reason to disturb" the presumption of reasonableness in this case. *See Rodriguez*, 523 F.3d at 526.

AFFIRMED.